UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN J. CORRY,

       Plaintiff,

  v.

ALAMEDA COUNTY SHERIFF'S OFFICE, *et al.*,

       Defendants.
_____/

No. C-12-5152 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

John J. Corry, an inmate at the California State Prison in Corcoran, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In his complaint, Mr. Corry alleges that he was subjected to excessive force on July 1, 2011 at the Santa Rita County Jail. He alleges that he "was constantly tazed, and visciously punched in the face numerous times by several deputy's (too many to count)." Docket # 1, p. 3 (errors in source). He does not know their names, and has sued them as John Doe deputies.

The Eighth Amendment's prohibition of cruel and unusual punishments protects an inmate from force used maliciously and sadistically for the very purpose of causing harm. *See generally Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Liberally construed, the complaint states a § 1983 claim against the John Doe deputies for an Eighth Amendment violation. However, the Doe defendant problem needs to be solved by Mr. Corry.

The deputies who allegedly used force have been sued as John Doe defendants. The use of "Jane Doe" or "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), but sometimes is necessary when a plaintiff cannot discover the identity of the defendant before filing the complaint. Although the use of a Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe defendant designation creates its own problem: that person cannot be served with process until he or she is identified by his or her real name. Mr. Corry must take steps promptly to discover the full name (i.e., first and last name) of each of the John Doe deputies and provide that information to the court in his amended complaint. He may, for example, write to the jail to obtain a copy of his custodial records and medical records, which might have the deputies' names on them. The burden remains on the plaintiff; the Court will not undertake to investigate the names and identities of unnamed defendants.[1]

---

[1] If Mr. Corry fails to identify any Doe defendant by his or her true name in the amended complaint, what happens will depend on whether he states a claim against any other defendant in his amended complaint. If he fails to state a claim against any named defendant, the court will dismiss the action – including the action against the Doe defendants -- without prejudice to him filing an

The complaint does not state a claim against the defendants for which Mr. Corry did provide names: the Alameda County Sheriff's Office and the Santa Rita County Jail. The former is an arm of Alameda County, and the latter is a place. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated plaintiff's rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Alameda County does not have liability based solely on the fact that it employed the alleged wrongdoing deputies. However, local governments, such as Alameda County, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell,* 436 U.S. at 690. To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not made any such allegations. The municipal defendant is dismissed. Plaintiff is granted leave to file an amended complaint in which he may attempt to allege a *Monell* claim against Alameda County.

### III.   CONCLUSION

The complaint fails to state a claim upon which relief may be granted against any named defendant. Leave to amend will be granted so that plaintiff may attempt to state a claim against the

---

action against one or more of the Doe defendants if he ever learns their true identities. On the other hand, if Mr. Corry does state a claim against one or more named defendants in his amended complaint, the court will order the amended complaint served on all named defendants against whom claims are stated, and Mr. Corry will be given a reasonable time for discovery to attempt to learn the identities of the Doe defendants and provide such names to the court. If, after a reasonable amount of time for discovery has been allowed and Mr. Corry still has not provided the true names for the Doe defendants, they will be dismissed.

Although any dismissal of a Doe defendant due to Mr. Corry's inability to provide a true name for him or her would be without prejudice, he is cautioned that a statute of limitations restricts the time within which a § 1983 action may be filed and may impair his ability to bring an action against them later. The statute of limitations for a § 1983 action is two years; although that period may be extended with tolling of the limitations period for, among other things, continuous imprisonment or the pendency of criminal charges that relate to the claims filed, the Court expresses no opinion whether there are grounds for tolling here. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994); Cal. Civ. Proc. Code §§ 335.1, 352.1; Cal. Gov't Code § 945.3.

3

municipality and so that he may attempt to provide the true names of the defendants identified in his complaint as "John Doe" deputies.  The amended complaint must be filed no later than **May 10, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Plaintiff is cautioned that his amended complaint must be a complete statement of his claims.  *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.")  Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated:  February 12, 2013

_____
EDWARD M. CHEN
United States District Judge

4