UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN J. CORRY, | No. C-12-5152 EMC (pr) |
| Plaintiff, | |
| v. | **ORDER OF SERVICE AND PARTIAL DISMISSAL** |
| ALAMEDA COUNTY SHERIFF'S OFFICE, *et al.*, | |
| Defendants. | |

A.   Pleading And Defendant Issues

John J. Corry, an inmate at the California State Prison in Corcoran, filed this *pro se* civil rights action under 42 U.S.C. § 1983 complaining that he was subjected to excessive force on July 1, 2011 while incarcerated at the Santa Rita County Jail. The Court reviewed the complaint and determined that it stated a claim for an Eighth Amendment violation based on the allegations of the use of excessive force. *See* Docket # 6, p. 2. The Court gave Corry leave to amend so that he could attempt to identify any of the allegedly misbehaving deputies, who he had only identified as John Doe defendants in his complaint. *See id.* The Court also determined that the complaint did not state a claim against either of the two defendants for which Mr. Corry did provide names, *i.e.*, the Alameda County Sheriff's Office and the Santa Rita County Jail. *Id.* at 3.

Corry did not file an amended complaint, and the deadline by which to do so has long passed. Therefore, the Alameda County Sheriff's Office and the Santa Rita County Jail are dismissed from this action because the complaint does not state a claim against either defendant.

Corry did send to the Court a letter in which he stated that one of the deputies that punched him had the last name of "Gorden," although Mr. Corry did not know his first name. *See* Docket # 7, p. 2. The Court will have the U.S. Marshal attempt to serve process on the defendant with the information provided by Corry, although there may not be enough information to identify this particular defendant. If the Marshal is unable to serve the defendant with the information provided, the action will be dismissed, as the Court indicated would occur in footnote 1 of the Order of Dismissal With Leave To Amend.

Mr. Corry has filed a "motion requesting the Alameda County Sheriff produce the following information," in which he asks the Court to order the Sheriff to provide information about the individual deputies he wants to sue. The motion is **DENIED**. (Docket # 8.) The Alameda County Sheriff is not a party in this action and has not appeared in this action. The Alameda County Sheriff's Department (which never was ordered to be served with process) is being dismissed from this action today. The Court does not issue orders to non-parties directing them to do things for litigants. It is Mr. Corry's responsibility to provide to the Court the true identities of the Doe defendants, and not the Court's responsibility to conduct investigations or do discovery on his behalf.

Mr. Corry is free to attempt to obtain his information by using a subpoena duces tecum, also sometimes known as a records subpoena. Federal Rule of Civil Procedure 45 sets out the rules for issuing, serving, protesting and responding to a subpoena duces tecum. Rule 45(c)(2)(A) allows a subpoenaing party to command production of documents and other things, without requiring the subpoenaed person or entity to personally appear at the place of production. The Clerk will send to Mr. Corry two blank subpoena forms for him to fill out completely and return to the Court to be issued by the Clerk so that he may serve them.

B.     Request for Appointment of Counsel

Mr. Corry has requested that the court appoint counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the

ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *See id.*  Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1).  Here, exceptional circumstances requiring the appointment of counsel are not evident at this time.  The request for appointment of counsel is **DENIED**.  (Docket # 7.)

C.     Service Of Process And Scheduling

In order to move this action toward resolution, the Court will order service of process on the one defendant for whom a name has been provided:

1.     The complaint, as amended by Docket # 7, states a cognizable § 1983 claim against Alameda County Sheriff's Deputy Gorden for the use of excessive force in violation of Mr. Corry's Eighth Amendment rights.  The Alameda County Sheriff's Office and the Santa Rita County Jail are dismissed from this action.

2.     The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon Alameda County Sheriff's Deputy [first name unknown] Gorden, who apparently worked at the Santa Rita Jail on July 1, 2011.

3.     In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a.     No later than **August 16, 2013**, Defendant must file and serve a motion for summary judgment or other dispositive motion.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due.  If Defendant files a motion for summary judgment, Defendant must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).  If Defendant files a motion to dismiss for non-exhaustion of administrative remedies, Defendant must provide to Plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time he files such a motion.  *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

3

1        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than **September 13, 2013**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

        c.      If Defendant wishes to file a reply brief, the reply brief must be filed and served no later than **September 27, 2013**.

    4.    Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

> The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are

authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, 697 F.3d at 1008.

5. All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: May 30, 2013

_____
EDWARD M. CHEN
United States District Judge