UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN J. CORRY,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY SHERIFF'S OFFICE, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-12-5152 EMC (pr)<br><br>**ORDER REGARDING SERVICE OF PROCESS** |

A.  <u>Motion To Quash Service of Process</u>

    Defendant Deputy Gordon has filed a motion to quash service of process in this action. First, he moves under Federal Rule of Civil Procedure 12(b)(4) to quash for "insufficient process." Rule 12(b)(4) is used to challenge defects on the face of the summons. It "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint," and dismissal for an error on the summons is "generally not justified absent a showing of prejudice. *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). Defendant argues that the summons should be quashed because it misspells his last name and omits his first name. Defendant's argument is not well-taken.

    Plaintiff's pleadings identified the person who used excessive force on him on July 1, 2011 at the Santa Rita Jail as a "deputy" with the last name of "Gorden." Docket # 1 and # 7. The Court used this information to order the Marshal to serve process on "Deputy Gorden." Defendant's motion concedes that he is Deputy Gordon and worked at Santa Rita Jail on the day at issue (although he denies being involved in the use of force incident alleged by Plaintiff). The misspelling

of the last name is simply too trivial to quash the summons in light of the fact that the name is pronounced the same (i.e., Gorden and Gordon), Defendant's rank was correctly identified, and Defendant's place of employment was correctly identified. The omission of Defendant's first name also does not make the summons deficient. Defendant identifies no authority in support of his contention that a summons that identifies a law enforcement officer by rank, place of employment and last name is defective for failure to include that person's first name on the summons. In light of the common practice of law enforcement officers to provide only their last names and perhaps badge numbers when dealing with inmates or members of the public, the failure to include a first name does not make the summons deficient. If there existed both a deputy Gordon and a deputy Gorden at the jail, or if there were several people with one those last names, such that the misspelled last name and omitted first name presented an actual problem with regard to Defendant's identity, Defendant's motion might have attained a different result. There is no contention that is the case here. The motion to quash the summons under Federal Rule of Civil Procedure 12(b)(4) is DENIED.

Second, Defendant moves to quash for "insufficient service of process," Fed. R. Civ. P. 12(b)(5). He argues that service of process was deficient because service was attempted by leaving a copy of the summons and complaint at his place of employment. Defendant is correct that the method of attempted service was not authorized under the Federal Rule of Civil Procedure 4(e). By way of explanation: a practice exists in this district at many jails and prisons for a litigation coordinator at a jail or prison to accept service documents on behalf of employees who work at the facility. This practice obviates the need for the U.S. Marshal to physically hand the summons and complaint to individual employees at a prison or jail. This practice also avoids concerns that may arise when inmate-plaintiffs do discovery to learn the home address of an individual deputy, officer or other law enforcement employee to have process served on such a person. Although that practice works well in most cases, occasionally a defendant is not amenable to such a procedure. This appears to be such a case. Defendant's unopposed motion to quash service of process is GRANTED. (Docket # 14.) Service of process will be attempted again.

B.       Service Of Process And Scheduling

     1.       The Clerk shall correct the docket to reflect that Defendant's last name is "Gordon" rather than "Gorden."

     2.       The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all other documents in the court file, a copy of this Order, and a self-addressed stamped return envelope to Alameda County Sheriff's Deputy Gordon at Santa Rita Jail.

     3.       The Clerk shall also send a copy of this order to Plaintiff and to defense counsel listed on the Plaintiff's docket for this case.

     4.       Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4(d)(2), if Defendant fails to waive service of the summons, he will be required to bear the cost of any later service unless good cause be shown for his failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before <u>sixty days</u> from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due <u>sixty days</u> from the date on which the request for waiver was sent or <u>twenty days</u> from the date the waiver form is filed, whichever is later. Defendant shall answer the complaint in accordance with the Federal Rules of Civil Procedure.

     5.       The following briefing schedule shall govern dispositive motions in this action:

         a.       No later than **January 10, 2014**, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must so inform the Plaintiff prior to the date the

motion is due. If Defendant files a motion for summary judgment, he must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time he files such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If Defendant files a motion to dismiss for non-exhaustion of administrative remedies, Defendant must provide to Plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time he files such a motion. *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than **February 7, 2014**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

        c.      If Defendant wishes to file a reply brief, the reply brief must be filed and served no later than **February 21, 2014**.

       6.      Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th

Cir. 1998).

> The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, 697 F.3d at 1008.

7. All communications by Plaintiff with the Court must be served on a defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

9. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

10. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

11. Defendant is represented by private counsel who may be unfamiliar with some

special procedures that apply in *pro se* prisoner cases. First, a *pro se* litigant's pleadings are required to be liberally construed, and that means that most technical pleading problems are overlooked. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[H]owever inartfully pleaded, [a *pro se* litigant's pleading] must be held to less stringent standards than formal pleadings drafted by lawyers"). Second, motions will be decided on the written submissions of the parties, without an oral argument. Therefore, a party should not schedule an oral argument when he files any motion in this action. If the Court determines that an oral argument would be helpful in the consideration of a motion, the Court will *sua sponte* notice and schedule an oral argument. Third, the prisoner mailbox rule deems most documents from *pro se* prisoners filed as of the date the document is given to prison officials to mail, rather than the date the document actually arrives at the courthouse. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) Fourth, the Court uses more leisurely briefing schedules due to the prisoner mailbox rule as well as the difficulties prisoners often have in accessing a prison law library.

IT IS SO ORDERED.

Dated: October 15, 2013

_____
EDWARD M. CHEN
United States District Judge

6