1
2
3
4
5                UNITED STATES DISTRICT COURT
6                NORTHERN DISTRICT OF CALIFORNIA
7
8  JOHN J. CORRY,                      No. C-12-5152 EMC (pr)
9        Plaintiff,
10    v.                              **ORDER FOR SECOND AMENDED COMPLAINT AND VACATING BRIEFING SCHEDULE**
11  ALAMEDA COUNTY SHERIFF'S OFFICE, *et al.*,
12
13        Defendants.
     _____/
14

15       This matter is now before the Court to deal with a pleading problem in this *pro se* prisoner's
16  civil rights action. The Court will require Mr. Corry to file a second amended complaint or suffer
17  the dismissal of a defendant. The Court also will vacate the existing briefing schedule for
18  dispositive motions, and send two more blank subpoenas to Mr. Corry.
19  A.    <u>The Pleading Problem</u>
20       In his complaint, Mr. Corry alleged that deputies had used excessive force on him on July 1,
21  2011 at the Santa Rita Jail. The complaint did not provide names for any of the individual deputies
22  who allegedly used force on him. The Court granted leave to amend, and Mr. Corry provided one
23  name: Deputy Gordon. The Court then ordered service of process on Deputy Gordon, who
24  eventually was served. Meanwhile, Mr. Corry wrote a letter saying he "remember[ed] another
25  name," Deputy Vallandingham. Docket # 15. Mr. Corry then moved for leave to amend and filed a
26  first amended complaint in which he alleged that Deputy Vallandingham used excessive force on
27  him on July 1, 2011 and did not mention Deputy Gordon. *See* Docket # 17 and # 18.
28

The "general rule is that an amended complaint supercedes the original complaint and renders it without legal effect." *Lacey v. Maricopa County*, 693 F.3d 896, 925 (9th Cir. 2012). There are exceptions to the general rule when the district court has dismissed a claim, but those exceptions do not apply to the present situation because Mr. Corry's amended complaint is not the result of the Court having dismissed his claim against Deputy Gordon. His failure to assert any claim against Deputy Gordon in his amended complaint amounts to a voluntary dismissal of any claim against Deputy Gordon. *See id.* at 928 ("for any claims voluntarily dismissed, we will consider those claims to be waived if not repled). The Court suspects that the *pro se* plaintiff is unaware of this pleading rule. The Court thus is uncertain whether Mr. Corry wanted to dismiss his claim against Deputy Gordon or mistakenly thought he could proceed against different defendants in different pleadings.

Mr. Corry's motion to amend the complaint is GRANTED. (Docket # 17.) The motion is granted because he could amend as a matter of right under Federal Rule of Civil Procedure 15(a) before defendant filed a responsive pleading or motion to dismiss. The operative pleading now is the first amended complaint (Docket # 18) filed on October 21, 2013.

In light of the concern that Mr. Corry may have failed to include Deputy Gordon in the first amended complaint by mistake, the Court now GRANTS Mr. Corry leave to file a second amended complaint or to file a notice that he voluntarily dismisses Deputy Gordon as a defendant. The second amended complaint must include *all* his claims against *all* the defendants for the July 1, 2011 incident. As to any defendants whose names he does not know, Mr. Corry may sue them as Doe defendants, bearing in mind the information about Doe defendants at page 2 of the February 2, 2013 order of dismissal with leave to amend. Failure to allege a claim against Deputy Gordon and/or Deputy Vallandingham in the second amended complaint will result in the dismissal of that defendant.

B.  Miscellaneous

In light of the need for Mr. Corry to address the pleading problem, Deputy Gordon's motion to continue the dispositive motion deadline is GRANTED. (Docket # 23.) The briefing schedule for

dispositive motions is now vacated, and a new briefing schedule will be set after the pleading problem is resolved.

Pursuant to the order of service and partial dismissal, the clerk sent two blank subpoenas. Mr. Corry returned a subpoena, but failed to specify on the subpoena what document he wanted produced. The clerk will send two more blank subpoenas to produce documents for him to use to try to find names for the Doe defendants. Mr. Corry is cautioned that a records subpoena is useless unless he describes the particular documents he wants produced in the blank space under the portion of the form that begins, "Production: YOU ARE COMMANDED to produce..."

Mr. Corry must file a second amended complaint complying with the directions in this order no later than **March 28, 2014**. If he does not file a second amended complaint by that date, the Court will dismiss Deputy Gordon from the action.

Mr. Corry's "response to Deputy Matthew Gordon's Answer To Plaintiff John J. Corry Complaint" (Docket # 24) is STRICKEN from the record. The complaint and answer are called the pleadings in a case, and their purpose is to set out the parties' formal allegations, i.e., a plaintiff's claims and a defendant's defenses. Those are the only pleadings generally allowed. A plaintiff is not allowed to file a reply to the answer to the complaint unless the Court specifically permits him to do so. *See* Fed. R. Civ. P. 7(a)(7). The Court declines to permit Mr. Corry to file a reply (or, as he called it, a response) to the answer because it is unnecessary and unhelpful. The defenses alleged in the answer are deemed to be controverted by the plaintiff. *See* Fed. R. Civ. P. 8(b)(6). In other words, it is presumed as a legal matter that a plaintiff disagrees with everything defendants have alleged in their answer and he does not need to file another pleading to say so.

IT IS SO ORDERED.

Dated: February 21, 2014

EDWARD M. CHEN
United States District Judge