1

2

3

4

5

6

7

8

9

10



FILED

JUN 2 7 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 | JOHN J. CORRY,                          )        No. C 12-05152 BLF (PR)

12 |          Plaintiff,                     )        **ORDER OF SERVICE;**
                                             )        **DIRECTING DEFENDANTS TO**
13 |     v.                                  )        **FILE DISPOSITIVE MOTION OR**
                                             )        **NOTICE REGARDING SUCH**
14 |                                         )        **MOTION; INSTRUCTIONS TO**
   | VALLANDIGHAM, et al.,                   )        **CLERK**
15 |                                         )
   |          Defendants.                    )
16 |                                         )
   |                                         )
17 | _____     )

18         Plaintiff, a state prisoner, filed the instant civil rights action in *pro se* pursuant to

19  42 U.S.C. § 1983, against jail officials.[1] On February 21, 2014, Plaintiff was directed to

20  file a second amended complaint or suffer the dismissal of a defendant from this action.

21  (*See* Docket No. 26.) Plaintiff filed a second amended complaint ("SAC") correcting the

22  deficiencies in his first amended complaint and naming Sheriff's Deputies Vallandigham,

23  Matthew Gordon, "Doe's 1 through 5" and "Jane Doe Sergeant" as Defendants to this

24  action. (Docket No. 27.) Plaintiff subsequently filed a notice identifying Doe Defendants

25  as Jeremy R. Jordan (#203742), Christopher M. Delima (#203615), Russel T. Armstrong

26  (#203254), Andrew R. Garcia (#202970), Steven M. Mullineaux (#202769), and Sgt.

27  _____

28  [1]This matter was reassigned to this Court on April 17, 2014.

1  Ronalda R. Smitherman (#100403).  (Docket No. 32.)  The Court construes this notice as

2  a supplemental to the second amended complaint, and orders service upon named

3  Defendants.

**DISCUSSION**

4

5  **A.     Standard of Review**

6        A federal court must conduct a preliminary screening in any case in which a

7  prisoner seeks redress from a governmental entity or officer or employee of a

8  governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify

9  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

10  claim upon which relief may be granted or seek monetary relief from a defendant who is

11  immune from such relief.  *See id.* § 1915A(b)(1),(2).  *Pro se* pleadings must, however, be

12  liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

13  1988).

14        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

15  elements: (1) that a right secured by the Constitution or laws of the United States was

16  violated, and (2) that the alleged violation was committed by a person acting under the

17  color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

18  **B.     Plaintiff's Claims**

19        Plaintiff claims that Defendants used excessive force on July 1, 2011, at Santa Rita

20  Jail when they struck him repeatedly while he was handcuffed and on the ground.  (SAC

21  at 4.)  Plaintiff claims Defendants repeatedly "tazed, beat and kicked" him although he

22  presented no threat.  (*Ibid.*)  Liberally construed, Plaintiff's claim is cognizable under §

23  1983 as the use of excessive force in violation of his Eighth Amendment right against

24  cruel and unusual punishment.  *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

25

**CONCLUSION**

26

27        For the reasons stated above, the Court orders as follows:

28        1.       The Clerk of the Court shall mail a Notice of Lawsuit and Request for

Order of Service
05152Corry_svc.wpd                                2

1    Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy

2    of the second amended complaint and notice of Doe Defendants, (Docket Nos. 27 and

3    32), all attachments thereto, and a copy of this order upon **Defendants Deputies Jeremy**

4    **R. Jordan** (#203742), **Christopher M. Delima** (#203615), **Russel T. Armstrong**

5    (#203254), **Andrew R. Garcia** (#202970), **Steven M. Mullineaux** (#202769), and **Sgt.**

6    **Ronalda R. Smitherman** at the **Santa Rita Jail** (5325 Broder Blvd., Dublin, CA 94568).

7    The Clerk shall also mail a copy of this Order to Plaintiff and to counsel of record for

8    Defendants Vallandigham and Gordon.

9         2.        Defendants are cautioned that Rule 4 of the Federal Rules of Civil

10   Procedure requires them to cooperate in saving unnecessary costs of service of the

11   summons and the complaint.  Pursuant to Rule 4, if Defendants fail to do so – after being

12   notified of this action and asked by the Court on behalf of Plaintiff to waive service of the

13   summons – they will be required to bear the cost of such service unless good cause is

14   shown for their failure to sign and return the waiver form.  If service is waived, this action

15   will proceed as if Defendants had been served on the date that the waiver is filed, except

16   that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an

17   answer before **sixty (60) days** from the day on which the request for waiver was sent.

18   (This allows a longer time to respond than would be required if formal service of

19   summons is necessary.)  Defendants are asked to read the statement set forth at the foot of

20   the waiver form that more completely describes the duties of the parties with regard to

21   waiver of service of the summons.  If service is waived after the date provided in the

22   Notice but before Defendants have been personally served, the Answer shall be due **sixty**

23   **(60) days** from the date on which the request for waiver was sent or **twenty (20) days**

24   from the date the waiver form is filed, whichever is later.

25        3.        No later than **ninety (90) days** from the date of this order, Defendants shall

26   file a motion for summary judgment or other dispositive motion with respect to the claims

27   in the second amended complaint found to be cognizable above.

28             a.        Any motion for summary judgment shall be supported by adequate

Order of Service
05152Corry_svc.wpd                              3

1  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of

2  Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor

3  qualified immunity found, if material facts are in dispute.  If any Defendant is of the

4  opinion that this case cannot be resolved by summary judgment, he shall so inform the

5  Court prior to the date the summary judgment motion is due.

6         b.       **In the event Defendants file a motion for summary judgment, the**

7  **Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

8  **warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See***

9  ***Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

10       4.       Plaintiff's opposition to the dispositive motion shall be filed with the Court

11 and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

12 motion is filed.

13       Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure

14 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary

15 judgment must come forward with evidence showing triable issues of material fact on

16 every essential element of his claim).  Plaintiff is cautioned that failure to file an

17 opposition to Defendants' motion for summary judgment may be deemed to be a consent

18 by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

19 without a trial.  *See Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

20       5.       Defendants *shall* file a reply brief no later than **fourteen (14) days** after

21 Plaintiff's opposition is filed.

22       6.       The motion shall be deemed submitted as of the date the reply brief is due.

23 No hearing will be held on the motion unless the Court so orders at a later date.

24       7.       All communications by the Plaintiff with the Court must be served on

25 Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

26 copy of the document to Defendants or Defendants' counsel.

27       8.       Discovery may be taken in accordance with the Federal Rules of Civil

28 Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or

1 | Local Rule 16-1 is required before the parties may conduct discovery.

2 |       9.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the

3 | court informed of any change of address and must comply with the court's orders in a

4 | timely fashion. Failure to do so may result in the dismissal of this action for failure to

5 | prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6 |       10.    Extensions of time must be filed no later than the deadline sought to be

7 | extended and must be accompanied by a showing of good cause.

8 | **IT IS SO ORDERED.**

9 | DATED: _____

10 |                         BETH LABSON FREEMAN
                            United States District Judge