IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN J. CORRY, | ) | No. C 12-05152 BLF (PR) |
| Plaintiff, | ) | **ORDER** |
| v. | ) | |
| VALLANDIGHAM, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] Defendants have filed a motion for summary judgment. (Docket No. 36.) Plaintiff has filed an opposition, and Defendants have filed a reply.

In order to oppose a motion for summary judgment, Plaintiff must show that the Defendants' facts are disputed. If Plaintiff claims that a fact is genuinely disputed, he must support the assertion by either (1) citing to particular parts of materials in the record, including affidavits or declarations, admissions, interrogatory answers, or other materials; or (2) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support

---

[1] This matter was reassigned to this Court on April 17, 2014.

1  the fact. Fed. R. Civ. P. 65(c)(1). The materials cited to must be presented in a form that
2  would be admissible in evidence. Fed. R. Civ. P. 65(c)(2). For an affidavit or declaration
3  to be admissible, the claims must be made on personal knowledge, set out facts that
4  would be admissible in evidence, and show that the affiant or declarant is competent to
5  testify on the matters stated. An affidavit is a written declaration or statement of facts,
6  made voluntarily, and confirmed by the oath or affirmation of the party making it, taken
7  before an officer having authority to administer such oath. An unsworn declaration has
8  the same effect as an affidavit, provided it is dated and signed under penalty of perjury as
9  follows: "I declare under penalty of perjury that the foregoing is true and correct." 28
10 U.S.C. § 1746.

11     Neither Plaintiff's pleadings (his second amended complaint and his opposition to
12 the summary judgment motion), nor his declaration submitted in support of his
13 opposition, meet the requirements set forth in 28 U.S.C. § 1746. Therefore, they are not
14 admissible in evidence and cannot be considered in resolving the summary judgment
15 motion.

16     In the interests of justice, the Court will allow Plaintiff a chance to verify his
17 pleadings, if he can truthfully do so. Within **twenty-eight (28) days** of the date of this
18 order, Plaintiff shall file a supplemental verification, titled "Supplemental Verification,"
19 that identifies by name the pleadings which Plaintiff wishes to verify; that is dated and
20 signed; and that declares under penalty of perjury that the matters asserted within the
21 pleading are true and correct. Plaintiff should use the language set forth in 28 U.S.C. §
22 1746: "I declare under penalty of perjury that the foregoing is true and correct." **Plaintiff
23 may not submit any additional evidence.** If Plaintiff does not submit a supplemental
24 verification within the time provided, the Court will rule on the summary judgment
25 motion on the current record.

26     **IT IS SO ORDERED.**

27 DATED: May 20, 2015

                                                      BETH LABSON FREEMAN
28                                                       United States District Judge